IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-522-1 |
| v. | : | |
| | : | CIVIL ACTION |
| DAVID SIERRA | : | NO. 20-2745 |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                **November 8, 2022**

On June 9, 2020, Defendant David Sierra filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Because Sierra procedurally defaulted this claim by not filing it on direct appeal, his § 2255 motion shall be denied.

**FACTUAL BACKGROUND**

Sierra was indicted by a grand jury on September 26, 2006, along with a co-defendant, on charges that on May 20, 2005 in Lancaster, Pennsylvania, he possessed with the intent to deliver a trace amount of cocaine and 454.3 grams of cocaine base (crack), and aided and abetted the same in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C) and 18 U.S.C. § 2. Sierra was also charged in the same Indictment with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 26, 2007, the Government filed an Information Charging Prior Offense, noting Sierra's previous conviction in the Lancaster County Court of Common Pleas of possession with intent to distribute marijuana, a felony, controlled

1

substance violation, for which Sierra was sentenced in state court on July 13, 1993 to not less than 6 but not more than 23 months' incarceration.  Inf. Charging Prior Off. 1-2, ECF No. 32.

Sierra subsequently pled guilty to the offenses with which he was charged in this case on January 27, 2007.  He was sentenced on April 17, 2008 to concurrent terms of 120 months' incarceration on Counts I, II, and IV, and 60 months on Count III to run consecutively to the sentences imposed on the other counts, all to be followed by a total term of 7 years of supervised release.

Sierra did not appeal his sentence.  However, on June 6, 2012, he filed a motion for nunc pro tunc order for concurrent sentence premised upon a Clarification Order issued by a Dauphin County Court of Common Pleas Judge on December 12, 2011 directing that the five to ten-year sentence she imposed on Sierra on June 9, 2008 for manufacturing and possession with intent to deliver narcotics, possession of a firearm without a license and being prohibited from possessing a firearm on March 19, 2006, was to run concurrently to his federal sentence in this case.  Mot. 3, ECF No. 82.  Because the relief sought by Sierra's motion had been denied on his application to the Bureau of Prisons, this Court construed it to be a properly filed habeas motion under 28 U.S.C. § 2241.  Finding the BOP had properly exercised its discretion in denying Sierra's request, the motion was denied with prejudice.  Order of 5/22/14, ECF No. 92.

Next, on October 27, 2014, Sierra moved, under 18 U.S.C. § 3582(c)(2), for modification of his term of imprisonment/sentence reduction on the basis of Amendment 782.  That Amendment generated a 2-level reduction in the offense levels in §§ 2D1.1 and 2D 1.11 of the United States Sentencing Guidelines and was effective retroactively.  Mot. 1, ECF No. 93.  The motion was denied because Sierra's guideline range was set not by § 2D1.1, but by the career offender guideline on which the Amendment had no effect.  Order of 10/1/15, ECF No. 96.  Then, on February 19,

2019, Sierra filed a motion for sentencing reduction under § 404 of the First Step Act of 2018, which made Sections 2 and 3 of the Fair Sentencing Act of 2010 reducing the 100 to 1 crack to powder cocaine sentencing disparity retroactively applicable.  Mot. 1, ECF No. 98.  Ruling on the motion was postponed until the Third Circuit issued its decision in *United States v. Jackson*, 964 F.3d 197 (2020) which determined that eligibility under the First Step Act was based upon the statute of conviction and not on the relevant conduct used to set the guideline range at sentencing.  Inasmuch as Sierra was thus eligible under the Act for a reduced sentence, upon the parties' agreement, the Court resentenced him on July 27, 2021 to a sentence of time served, followed by an eight-year period of supervised release.  Order of 7/27/21, ECF No. 110.  Prior to issuance of the *Jackson* decision, on June 9, 2020, Sierra filed this motion under § 2255 seeking to vacate his sentence on the basis of *Rehaif*.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Under § 2255(b):

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Motions seeking relief under § 2255 are subject to a 1-year period of limitation which:

> shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1) – (4).

As the preceding language suggests, "a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but there are limitations on the exercise of that discretion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). "Accordingly, a district court should hold an evidentiary hearing when the habeas petition 'alleges any facts warranting relief under § 2255 that are not clearly resolved by the record.'" *United States v. Valenta*, No. 21-1673, 2022 WL 265876 at * 2 (3d Cir. Jan. 28, 2022) (quoting *United States v. Tolliver,* 800 F.3d 138, 141 (3d Cir. 2015)). Stated otherwise, a district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020).

"In assessing whether a hearing is necessary, the court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous' or contradicted by the record." *Id.* Second, the court must "determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show'" any entitlement to relief. *United States v. Arrington,* 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual

4

allegations unless they are clearly frivolous on the basis of the existing record." *Gov't. of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

**DISCUSSION**

In this case, the Court finds a hearing is not necessary as Sierra's motion may be adjudicated from the facts of record in this matter.

The record here reflects that Sierra never filed a direct appeal from the judgment of sentence in this case. To proceed under § 2255, he was required to file this petition within one year of the date on which his conviction became final or by no later than April 17, 2009, or one year after: (1) the date of removal of the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States [was] removed, if he was prevented from making a motion by governmental action; (2) the date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (3) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Sierra premises his motion on the Supreme Court's decision on June 19, 2019 in *Rehaif v. United States*[1], and thus his filing of this motion on June 9, 2020 is timely under the exception for newly recognized rights.

---

[1] In *Rehaif*, the Court held that in prosecutions under §§ 922(g) and 924(a)(2), the Government must prove that the defendant knew two things: (1) that he possessed a firearm, and (2) he belonged to one of the categories of people who were barred from doing so at the time he possessed it. *Rehaif*, 139 S. Ct. at 2200.

While it does not take issue with the timeliness of Sierra's motion, the Government argues *Rehaif* does not entitle Sierra to any relief in light of the concurrent sentences doctrine and because the claim is procedurally defaulted.

The concurrent sentence doctrine allows a court the discretion to avoid resolution of legal issues affecting less than all counts in an indictment where at least one count will survive and the sentences on other counts are concurrent. *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022). "The concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence." *Id.* (citing *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986)).  Use of the doctrine is discretionary but it "may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable." *Id.* (citing *Barnes v. United States*, 412 U.S. 837, 848, n. 16 (1973) and *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)).  The concurrent sentence doctrine is generally not invoked in instances where the defendant may possibly suffer collateral consequences such as impaired parole eligibility. *United States v. Am. Investors of Pittsburgh,* 879 F.2d 1087, 1100 (3d Cir. 1989); *Jones*, 805 F.2d at 1128.

Because Sierra was sentenced to concurrent, 120-month terms of incarceration on Counts I, II and IV, his § 922(g) conviction clearly had no effect on the length of his sentence.  And insofar as the decision in *Rehaif* would apply only to Sierra's § 922(g) conviction on Count IV, and his sentences on Counts I and II would be otherwise undisturbed, the concurrent sentence doctrine may be applied in this case such that the Court need not consider Sierra's habeas challenge at all. To the extent that Sierra's now-eight-year period of supervised release may be considered a

collateral consequence, however, the Court shall consider whether Sierra's *Rehaif* claim has been procedurally defaulted.

It is axiomatic that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice for the default or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 623 (1998). The procedural default rule is a doctrine to which the courts adhere "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*. To show cause for procedural default, "a defendant must show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' a 'showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *Id*. (quoting *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)). "[T]o demonstrate 'cause' to avoid the effect of an earlier failure to raise a claim, a party can show that a claim 'is so novel that its legal basis is not reasonably available to counsel.'" *United States v. DeCastro*, 49 F.4th 836, 845 (3d Cir. 2022) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). An argument's futility, however, "cannot constitute cause for defaulting a claim if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 130, n.35 (1982)). Nor can an ineffective assistance of counsel claim provide cause to excuse a procedural default for the simple reason that a failure to predict a change in the law is not deficient performance. *U.S. v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (citing *Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996)).

Sierra claims the grounds for this § 2255 motion did not exist before the Supreme Court decided in *Rehaif* that the Government needed to prove he knew **both** that he possessed a firearm at the time he committed the offense in question **and** that he was prohibited from doing so at the time.  Although the Supreme Court indeed held for the first time in *Rehaif* that a showing of knowledge of both components was necessary to sustain a conviction under § 922(g), as the citations in the *Rehaif* decision itself evince, this issue of mens rea had been the subject of litigation for several decades.  *Rehaif*, 139 S. Ct. at 2199 (citing, *inter alia*, *United States v. Renner*, 496 F.2d 922, 926 (6th Cir. 1974); *United States v. Williams*, 588 F.2d 92 (4th Cir. 1978) (per curiam); *United States v. Pruner*, 606 F.2d 871, 874 (9th Cir. 1979)); s*ee also*, *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012) (holding defendant need only be shown to have knowingly possessed firearm).  There was thus nothing novel about the argument presented in *Rehaif* such as would support a finding of cause to overcome Sierra's failure to raise it earlier and on direct appeal.

There is also nothing in the record to suggest Sierra is actually innocent.  In this regard, a showing of factual innocence is required; a showing that the evidence was legally insufficient is not enough.  *Bousley*, 523 U.S. at 623-624.  "To establish actual innocence, [a] petitioner must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 283, 327-328 (1995)).  In determining whether this showing has been made, the court may properly consider the entire record, including such items as the pre-sentence report.  *Id.*; *Stewart v. Warden Canaan USP*, No. 21-2980, 2022 WL 4533825 at *2 (3d Cir. Sept. 28, 2022).

In this case, Sierra's presentence report shows he had a history of having pled guilty to a number of felonies in state court long before he faced the charges in this one.  Specifically, on November 2, 1992, Sierra pled guilty to manufacturing, delivering and/or possessing with intent

8

to manufacture or deliver narcotics which arose out of an arrest on September 3, 1992. He was sentenced to a term of 6 - 23 months' imprisonment on those charges on July 13, 1993. Pre-Sentence Invest. Rep. (PSIR) 12. Thereafter, on March 22, 1993, Sierra was arrested and charged with carrying a firearm without a license and obliterating a mark of identification, also in state court. PSIR, 13. Once again, he pled guilty on June 24, 1993 and was sentenced on July 13, 1993 to concurrent terms of incarceration of 4 - 23 months. On November 9, 1995, Sierra was again arrested and charged with manufacturing, delivering and/or possessing with intent to manufacture or deliver narcotics, pled guilty to the charges on February 8, 1996 and sentenced to 3 years' probation on May 9, 1996. *Id.* Sierra was arrested once again on August 16, 1996 for the offenses of manufacturing, delivering and/or possessing with intent to manufacture or deliver narcotics and criminal conspiracy and sentenced on December 9, 1996 to a prison term of 2 - 4 years. PSIR 14. Obviously, Sierra had the requisite knowledge that he had been convicted of a crime punishable by imprisonment for a term exceeding one year when he committed the offenses in this action: he had served some 18 months in prison some six years before. Sierra is not actually innocent of the § 922(g) offense.

**CONCLUSION**

As is patently obvious from the record, Sierra is entitled to no relief from his judgment and sentence under § 2255 and his motion is therefore denied.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,        C.J.